# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

CARL STEPHENS                                                                                   PLAINTIFF

V.                                    No. 4:20CV00918-LPR-JTR

CODY MUSSELWHITE,
Taskforce Officer, *et al.*                                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Discussion

Plaintiff Carl Stephens ("Stephens") filed this *pro se* § 1983 Complaint action alleging that Defendant violated his constitutional rights while he was a pretrial detainee in the W.C. "Dub" Brassell Detention Center ("DBDC"). *Docs. 2, 5, 6.*

On November 30, 2020, mail sent to Stephens at his address of record was returned indicating that Stephens was "no longer housed" at the DBDC, with no forwarding address. *Doc. 12*. On December 22, 2020, the Court entered an Order notifying Stephens that, if he wished to continue pursuing this lawsuit, he must file within thirty days: (a) a notice of his current mailing address; and (b) a free-world application to proceed *in forma pauperis. Doc 16.*

The Court's December 22nd Order cautioned Stephens that his failure to comply by the designated deadline would subject his case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).[1]

As of the date of this Recommendation, Stephens has not complied with the Court's December 22, 2020 Order, and the time for doing so has expired. Stephen's mail is still being returned undelivered (*Docs. 24-26)*, and he has not provided a current valid address. His last communication with the Court was on October 2, 2020. *Doc. 8.*

---

[1]On August 14, 2020, the Court advised Stephens of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3*. The Local Rule provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.　This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2.　The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 25th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE